## In re WHITAKER'S ESTATE.

No. 3942.   Decided July 5, 1923.   (217 Pac. 248.)

1. WILLS—PROPONENTS MUST OFFER EVIDENCE OF MENTAL CAPACITY
   OF TESTATOR AND ABSENCE OF FRAUD AND UNDUE INFLUENCE.
   When a will is offered for probate, whether there is a contest
   or not, the proponents must offer some evidence of the mental
   capacity of the testator at the time of the execution of the will,
   and evidence to show the absence of fraud and undue influence,
   in order to make out a prima facie case for admitting the will
   to probate.[1]

2. WILLS—NEW TRIAL ORDERED ON APPEAL, ALTHOUGH PROPONENTS
   FAILED TO MAKE PRIMA FACIE CASE.   On appeal in a will contest,
   *held* that, notwithstanding proponents failed to make a prima
   facie case, it was the duty of the Supreme Court to reverse the
   order admitting the will to probate and to direct new trial; the
   contestants being entitled to the new trial for which they made
   motion in the district court.[2]

Appeal from District Court, First District, Box Elder
County; *M. C. Harris*, Judge.

Petition for the probate of the will of Mary Jane Whitaker.
From an order admitting the will to probate, contestants ap-
peal.

REVERSED and REMANDED for new trial.   Costs to be taxed
against proponents.

*LeRoy B. Young*, of Brigham City, for appellants.

*William J. Lowe*, of Brigham City, for respondents.

WEBER, C. J.

----

[1] *In re Hanson's Will*, 50 Utah, 207, 167 Pac. 256; *In re Swan's
Estate*, 51 Utah, 410, 170 Pac. 452.

[2] *In re Hanson's Will*, 50 Utah, 207, 167 Pac. 256.

The petition asking to have the will of Mary Jane Whitaker admitted to probate was filed in the district court of Box Elder county. Objections to the probate were interposed, alleging that the deceased at the time of the execution of the purported will was not of sound and disposing mind and memory and was acting under undue influence.

A jury was impaneled to try the issues thus formed. The proponents called two subscribing witnesses to the will and by them proved its due execution. No evidence was offered to prove the mental capacity of the deceased, nor to prove the absence of undue influence at the time of the execution of the will. Without further evidence the will was admitted in evidence, and the proponents rested. Contestants rested, without offering any evidence. The court then discharged the jury and admitted the will to probate. Contestants appeal from that order.

The question for decision is: When a will is offered for probate, whether there is a contest or not, must the proponents or petitioners offer some evidence of the mental capacity of the testator at the time of the execution of the will, and whether the proponents must also offer evidence to show the absence of fraud and undue influence, in order to make out a prima facie case for admitting the will to probate? The question has been heretofore answered in the affirmative by this court. It is said In re Hanson's Will, 50 Utah, 207, 167 Pac. 256:

" * * * Unless these matters are admitted by the protestant, it is the duty of the proponent to produce his proof respecting the mental capacity of the testator at the time of the execution of the will and the due execution thereof. As to these preliminary matters the burden of proof is, as a matter of course, upon the proponent; that is, he is bound to make out a prima facie case."

See, also, *In re Swan's Estate*, 51 Utah, 410, 170 Pac. 452.

The proponents not having made out a prima facie case, the court erred in admitting the will to probate.

Protestants insist that, as the proponents failed to make out a prima facie case, the district court should be directed to refuse to admit the will to probate. This is a law case (*In re Hanson's Will*, supra), in which the con-

testants are entitled to the new trial for which they made motion in the district court.   It is clearly our duty to reverse the judgment or order admitting the will to probate and to direct a new trial herein.

It is so ordered.   Proponents to be taxed with costs on appeal.

GIDEON, THURMAN, and CHERRY, JJ., concur.

FRICK, J., did not participate herein.